UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TRACEY BROWN                                                 PLAINTIFF

v.                                    CIVIL ACTION NO. 3:19-CV-P799-GNS

KELLY JOHNSON et al.                                DEFENDANTS

**MEMORANDUM OPINION**

Pro se Plaintiff Tracey Brown filed an in forma pauperis 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff is an inmate at the Kentucky State Reformatory (KSR). He names as Defendants Northpoint Training Center employees Kelly Johnson and Shelly Griffin; KSR employees Christina Lyons and Danielle Snawder; and Kentucky Department of Corrections employee Dawn Patterson. All Defendants are named in both their individual and official capacities.

Plaintiff alleges that on January 4, 2019, he injured his shoulder while at Northpoint Training Center. He states that about a week later he saw Defendants Johnson and Griffin, who told him that there was nothing to be done for that type of injury to his shoulder. He states that he "went back to the medical staff on a number of occasions to complaint about the severe pain he was in." He states that two weeks later he was given an x-ray which showed that his left clavicle was fractured. According to the complaint, Defendants Johnson and Griffin told him the

break was minor and that there was nothing that could be done. Plaintiff states that he was ordered a brace and an extra pillow to help with the pain. He alleges that he complained about dysfunction and decreased range of motion but was against told that nothing could be done.

According to the complaint, "[a]fter much complaining" he was shipped to KSP, where at his intake medical appointment he informed Defendant Snawder, a registered nurse, of his injury. Plaintiff alleges that Defendant Snawder told him he would be seen by a medical provider. He states that after a few months he was seen by Defendant Lyons who "put him in to see an outside orthopedic surgeon." According to Plaintiff, the outside doctor told him that "since so much time had passed the injury had become worse[;] that bone regeneration therapy could help to relieve some of the pain but the damages was permanent and that surgery was most likely the best hope to get it back to as normal as possible."

As relief, Plaintiff requests monetary and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### A. Official-capacity claims

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the constitution or federal law. *See* § 1983. States. State agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from these state officers in their official capacities, he fails to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment.[1] *See id*.

Because Plaintiff fails to state a claim upon which relief could be granted and because he seeks monetary relief from Defendants who are immune from such relief, the Court will dismiss these claims.

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has long construed the Amendment to protect states from suits filed by their own citizens in federal court on the basis of federal question jurisdiction. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).

## B. Individual-capacity claims

### *1. Defendant Patterson*

Other than listing Patterson as a Defendant the complaint makes no mention of her. Plaintiff must set forth some factual basis for such claims against each Defendant in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Consequently, Plaintiff fails to state a claim against Defendant Patterson, and the claim against her will be dismissed.

### *2. Defendants Johnson and Griffin*

Plaintiff alleges that about a week after injuring his shoulder at Northpoint Training Center, he was seen by Defendant Johnson, who he says is employed as an "LCC," and Defendant Griffin, who he states is employed as an "LRNP." He states that they told him there was nothing to be done for that type of injury. However, he states that he "went back to the medical staff on a number of occasions to complain about the severe pain he was in" and that two weeks later he was given an x-ray which showed that his left clavicle was fractured. Plaintiff alleges that Defendants Johnson and Griffin told him that the break was minor and there was nothing that could be done; however, he was ordered a brace and an extra pillow to help with the pain. He states that he was again told that nothing could be done when he complained about dysfunction and decreased range of motion.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "'deliberate indifference to serious medical needs.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286

4

F.3d 834, 843 (6th Cir. 2002). To do so, a prisoner must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In other words, a court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Thus, a difference in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment is not enough to state a deliberate-indifference claim. *Ward v. Smith*, No. 99-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). Moreover, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

According to the complaint, Defendants Johnson and Griffin saw Plaintiff, assessed him and found that nothing could be done for his type of injury, but within two weeks of being seen by them, Plaintiff was given an x-ray. Defendants Johnson and Griffin explained to Plaintiff that the fracture was minor with nothing able to be done for it. They did order a brace and an extra pillow to help Plaintiff with his pain. Here, the Court finds that Plaintiff was provided medical care by Defendants Johnson and Griffin, although he obviously believes that more should have been done. Whether these Defendants' assessment that there was nothing to be done for this type of fracture rises to the level of negligence or medical malpractice is unclear, but it does not

rise to the level of deliberate indifference. The Eighth Amendment claim against these Defendants will be dismissed for failure to state a claim.

### 3. Defendant Snawder

Plaintiff states that at his KSR intake medical appointment he informed Defendant Snawder of his injury. Plaintiff alleges that Defendant Snawder told him he would be seen by "medical provider Christina Lyons, APRN". He states that after a few months he was seen by Defendant Lyons.

Thus, Plaintiff alleges that he informed Defendant Snawder of his injury; that she told him he would be seen by Defendant Lyons; and that, in fact, he was seen by Defendant Lyons. Plaintiff does not allege that Defendant Snawder is responsible for the fact that it was a "few months" before Defendant Lyons saw him. Even if she was responsible for this delay, the allegations do not state an Eighth Amendment claim; Plaintiff merely alleges he told her of his injury, an injury which, according to a prior x-ray, was minor. *Wilson v. Seiter*, 501 U.S. at 298; *Peterson v. United States*, No. 17-6361, 2018 WL 6039242, at *3 (6th Cir. Oct. 16, 2018) (holding that allegations against health-care providers did not constitute deliberate indifference to a serious medical need where the plaintiff failed to demonstrate an "injury . . . 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention'" (citations omitted)).

The Court will dismiss the claim against Defendant Snawder.

### 4. Defendant Lyons

Plaintiff alleges that when he was seen by Defendant Lyons, she "put him in to see an outside orthopedic surgeon." According to Plaintiff, the doctor told him that "since so much time had passed the injury had become worse . . . ."

Thus, according to Plaintiff's complaint, once Defendant Lyons saw him for his clavicle fracture she sent him to see an orthopedic surgeon. Referring Plaintiff to an outside specialist is certainly not deliberate indifference. *See, e.g.*, *Frost v. Ohio Dep't of Rehab v. Corr.*, No. 3:14-CV-1788, 2016 WL 2898054, at *3 (N.D. Ohio May 18, 2016) (finding that because plaintiff's pleadings showed that he received some medical treatment, including being referred to a specialist, the plaintiff's allegations, at most, suggested a difference of opinion as opposed to a complete denial of medical care). Thus, Plaintiff fails to allege an Eighth Amendment claim against Defendant Lyons, and the claim against her will be dismissed.

## III. CONCLUSION

For the foregoing reasons, this matter will be dismissed by separate Order.

Date: March 3, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4416.009